35892. ENGER v. ERWIN.

CLARKE, Justice.

Appellee brought suit against appellant for alienation of affections pursuant to Code Ann. § 105-1203. While his suit was pending, the General Assembly enacted the Family and Domestic Relations Law, Ga. L. 1979, p. 466, Section 46 of which entirely superseded the former Code Ann. § 105-1203. The new Code section, which appears at Code Ann. § 30-109.1, as well as at Code Ann. § 105-1203, abolished the cause of action for alienation of affections upon which appellee's complaint was based.

Laws usually may not have retrospective application. Code Ann. § 102-104. The General Assembly provided, however, that new Code Ann. § 105-1203 apply retrospectively to further proceedings in pending cases. Ga. L. 1979, pp. 466, 498. Relying on this section of the

Act, appellant moved to dismiss the complaint. The trial court found the retrospective application of Code Ann. § 30-109.1 and § 105-1203 unconstitutional and denied the motion to dismiss. Appellant is before the court assigning error to the order of the trial court ruling unconstitutional the retrospective application of the repeal of the cause of action for alienation of affections.[1]

A constitutional act of the legislature has been found to be the equivalent of a contract and the rights created thereby may not be impaired by subsequent legislation. *Franklin v. Mayor &c. of Savannah,* 199 Ga. 426 (34 SE2d 506) (1945); *Hargroves v. Chambers,* 30 Ga. 580 (1860); *Winter v. Jones,* 10 Ga. 190 (1851). Although legislation which involves mere procedural or evidentiary changes may operate retrospectively, legislation which affects substantive rights may operate prospectively only. *F. H. Ross & Co. v. White,* 224 Ga. 324 (161 SE2d 857) (1968).

In *F. H. Ross & Co. v. White,* supra, this court found that "It is well settled that a statute affecting substantive rights operates prospectively. Code § 102-104." The court further found the right of contribution between joint tortfeasors to be such a substantive right, that the rights of the parties in this negligence case were fixed at the time of the event upon which liability depended, and that the right of contribution, having been made available by a statute passed since that event, did not apply.

The Court of Appeals in *Jackson v. Young,* 125 Ga. App. 342 (187 SE2d 564) (1972) and in *Southern R. Co. v. A. O. Smith Corp.,* 134 Ga. App. 219 (213 SE2d 903) (1975) reiterated the principle set out in *F. H. Ross & Co. v. White,* supra. In *Jackson v. Young,* supra, the court found the existence of a substantive right in a situation closely analogous to the instant case. An alleged tort by a 12-year old minor occurred when the age of accountability and liability in Georgia was 10. The court found that "[t]he plaintiff herein having a right, vested by the law as it

[1]Section 48 of the Family and Domestic Relations Law, Ga. L. 1979, pp. 466, 497, provides that the various portions of the Act are severable and will survive a finding that any portion is unconstitutional.

stood at the time of the incident in 1966, to sue a 12-year old minor for negligence, the subsequent action of the legislature in changing the age of accountability did not divest that right." 125 Ga. App. at 342.

The appellee's right to bring an action for alienation of affections was a substantive right which had vested at the time of the repeal of this cause of action by the General Assembly. Therefore, the portion of the Family and Domestic Relations Law which made the repeal of the cause of action for alienation of affections retrospective as to pending actions is unconstitutional. Accordingly, the trial court's denial of appellant's motion to dismiss is affirmed.

*Judgment affirmed. All the Justices concur.*

SUBMITTED FEBRUARY 1, 1980 — DECIDED MAY 7, 1980.

*A. Russell Blank, Thomas C. Blaska,* for appellant. *Candler Crim, Jr.,* for appellee.