782 F.2d 926
 Prod.Liab.Rep.(CCH)P 10,898
Marian HATCHER, Plaintiff-Appellant,
v.
ALLIED PRODUCTS CORP., Defendant, Third-Party Plaintiff,
John Deere Company, Deere & Company, Defendants-Appellees,
Edwin E. Brown, d/b/a Brown's Well Drilling, Third-Party Defendant.
 No. 85-8404.
 United States Court of Appeals,
Eleventh Circuit.
 Feb. 18, 1986.
 
 Hillard P. Burt, Terry J. Marlow, Albany, Ga., for plaintiff-appellant.
 Edmund A. Landau, Jr., Richard D. Hall, Albany, Ga., for defendants-appellees.
 Appeal from the United States District Court for the Middle District of Georgia, J. Robert Elliott, Judge.
 Before JOHNSON and ANDERSON, Circuit Judges, and DYER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 This diversity action presents questions concerning the construction of O.C.G.A. Sec. 51-1-11(b), a section of Georgia's products liability statute. Because these questions of state law appear to control the outcome of this action and there are no clear controlling precedents in the decisions of the Georgia Supreme Court, we certify these questions to the Georgia Supreme Court pursuant to Rule 36 of the Georgia Rules of Appellate Procedure.
 
 
 2
 CERTIFICATE FROM THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT TO THE SUPREME COURT OF GEORGIA PURSUANT TO RULE 36 OF THE SUPREME COURT OF GEORGIA, TO THE SUPREME COURT OF GEORGIA AND THE HONORABLE JUSTICES THEREOF.
 
 1. Style of the Case
 
 3
 The style of the case in which this certification is made is Marian Hatcher, plaintiff-appellant, versus Allied Products Corp., defendant, third-party plaintiff, John Deere Company, Deere & Company, defendant-appellees, Edwin E. Brown, d/b/a Brown's Well Drilling, third-party defendant, Case No. 85-8404, United States Court of Appeals for the Eleventh Circuit on appeal from the United States District Court for the Middle District of Georgia, Albany-Americus Division.
 
 2. Procedural History
 
 4
 Hatcher filed her original complaint against John Deere Co. ("John Deere") on April 18, 1984 alleging that John Deere was strictly liable for injuries she suffered on June 2, 1982. John Deere answered denying Hatcher's allegations. On June 1, 1984, Hatcher amended her complaint by adding Deere & Co. ("Deere") as a party defendant. Hatcher's claims against Deere were also based upon strict liability. Deere answered, timely denying Hatcher's allegations. On December 20, 1984, John Deere and Deere both moved for summary judgment on the basis of O.C.G.A. Sec. 51-1-11. Hatcher filed a timely opposition to these motions. On January 11, 1985, Hatcher filed a second amended complaint to add counts of negligence against both John Deere and Deere. Both defendants answered denying all claims of negligence and renewed their motions for summary judgment to include the negligence claims alleged in Hatcher's second amended complaint. On May 13, 1985, the District Court for the Middle District of Georgia granted the defendants' motions for summary judgment on all counts on the ground that all of Hatcher's claims were barred by the ten-year rule of O.C.G.A. Sec. 51-1-11(b)(2). This appeal followed.
 
 3. Statement of Facts
 
 5
 Hatcher's father purchased a John Deere tractor model 2030 on March 16, 1973. The tractor was manufactured by Deere on March 6, 1973 and immediately sold to John Deere, a distribution company. John Deere shipped the tractor to Albany Tractor Company which subsequently sold it to Hatcher's father.
 
 
 6
 Hatcher alleges that she was injured on June 2, 1982 when her arm became entangled in an unguarded moving shaft of a mower that was powered by the tractor that is the subject of this action. She filed her original complaint on April 18, 1984. Since the tractor was purchased in March of 1973, her cause of action arose less than ten years after the purchase, although she filed her complaint more than ten years after the purchase.
 
 O.C.G.A. Sec. 51-1-11 provides as follows:
 
 7
 51-1-11. When privity required to support action; product liability action and time limitation therefor.
 
 
 8
 (a) Except as otherwise provided in this Code section, no privity is necessary to support a tort action; but, if the tort results from the violation of a duty which is itself the consequence of a contract, the right of action is confined to the parties and those in privity to that contract, except in cases where the party would have a right of action for the injury done independently of the contract and except as provided in Code Section 11-2-318.
 
 
 9
 (b)(1) The manufacturer of any personal property sold as new property directly or through a dealer or any other person shall be liable in tort, irrespective of privity, to any natural person who may use, consume, or reasonably be affected by the property and who suffers injury to his person or property because the property when sold by the manufacturer was not merchantable and reasonably suited to the use intended, and its condition when sold is the proximate cause of the injury sustained.
 
 
 10
 (2) No action shall be commenced pursuant to this subsection with respect to an injury after ten years from the date of the first sale for use or consumption of the personal property causing or otherwise bringing about the injury.
 
 
 11
 (3) A manufacturer may not exclude or limit the operation of this subsection.
 
 
 12
 Defendants John Deere and Deere contend on appeal that the district court correctly interpreted O.C.G.A. Sec. 51-1-11 to bar both Hatcher's strict liability and negligence claims. Defendants would have us read the phrase "after ten years" in subsection (b)(2) to modify the words "[n]o action shall be commenced." By that interpretation, Hatcher's strict liability claims (and possibly her negligence claims) would be barred because she did not file her original complaint within ten years from the time her father bought the tractor. Hatcher, on the other hand, contends that the phrase "after ten years" modifies the immediately preceding word "injury." By that interpretation, Sec. 51-1-11(b)(2) would not bar Hatcher's claims because she was injured within ten years from the time her father purchased the tractor.
 
 4. Questions to Be Certified
 
 13
 A. Where an injury occurred less than ten years after the first sale of the product, and where suit is filed more than ten years after the first sale of the product, does O.C.G.A. Sec. 51-1-11(b)(2) bar strict liability claims based on an alleged defect in the product?
 
 
 14
 B. Does O.C.G.A. Sec. 51-1-11 apply to negligence claims as well as strict liability claims?
 
 
 15
 C. Does O.C.G.A. Sec. 51-1-11 apply to distributors (John Deere in this case)?
 
 
 16
 The phrasing used in the certified questions is not to restrict the Supreme Court of Georgia's consideration of the issues in its analysis of the record certified in this case. This latitude extends to the Supreme Court's restatement of the issue or issues and the manner in which the answers are given. See Martinez v. Rodriquez, 394 F.2d 156, 159 n. 6 (5th Cir.1968).
 
 
 17
 The clerk of this court is directed to transmit this certificate, as well as the briefs and record filed with the court to the Supreme Court of Georgia and simultaneously to transmit copies of the certificate to the attorneys for the parties.
 
 
 18
 CERTIFIED.