Marian HATCHER, Plaintiff-Appellant,

v.

ALLIED PRODUCTS CORP.,
Defendant, Third-Party
Plaintiff,

John Deere Company, Deere & Company, Defendants-Appellees,

Edwin E. Brown, d/b/a Brown's Well
Drilling, Third-Party Defendant.

No. 85-8404.

United States Court of Appeals,
Eleventh Circuit.

Aug. 15, 1986.

Hillard P. Burt, Terry J. Marlow, Albany, Ga., for plaintiff-appellant.

Edmund A. Landau, Jr., Richard D. Hall, Albany, Ga., for defendants-appellees.

Before JOHNSON and ANDERSON, Circuit Judges, and DYER, Senior Circuit Judge.

PER CURIAM:

The facts of this case are set out in the original panel decision certifying three questions of law to the Supreme Court of Georgia pursuant to Rule 37 of the Rules of the Supreme Court of the State of Georgia. *Hatcher v. Allied Products Corp.*, 782 F.2d 926 (11th Cir.1986). These facts were restated by the Supreme Court of Georgia in its opinion answering our certified questions which is attached hereto as an appendix.

We certified the following three questions:

1. Where an injury occurred less than 10 years after the first sale of the product, and where suit is filed more than 10 years after the first sale of the product, does O.C.G.A. § 51-1-11(b)(2) bar strict liability claims based on an alleged defect in the product?

2. Does O.C.G.A. § 51-1-11 apply to negligence claims as well as strict liability claims?

3. Does O.C.G.A. § 51-1-11 apply to distributors (John Deere in this case)?

The Georgia Supreme Court rendered its decision and answered question one in the affirmative and answered questions two

and three in the negative, 344 S.E.2d 418. Guided by these answers, we must decide whether the district court correctly concluded that Hatcher's negligence and strict liability claims against both Deere & Co., the manufacturer, and John Deere Co., the distributor, were barred by the 10–year statute of repose found in O.C.G.A. § 51–1–11(b)(2).

▮ In the appended decision, the Supreme Court of Georgia has held that § 51–1–11 does not apply to negligence claims. Accordingly, the district court erred in holding that Hatcher's negligence claims against both Deere & Co. (the manufacturer) and John Deere Co. (the distributor) were barred by the ten-year statute of repose contained in § 51–1–11(b)(2). The district court's grant of summary judgment with respect to these negligence claims is reversed, and the case is remanded to the district court for further proceedings with respect to these claims.

▮ The district court's grant of summary judgment with respect to Hatcher's strict liability claims is affirmed. Hatcher's strict liability claim against Deere & Co. (the manufacturer) was properly rejected by the district court in light of the appended decision of the Supreme Court of Georgia that § 51–1–11(b)(2) bars a strict liability claim filed more than ten years after the first sale of the product, even though the alleged injury occurred less than ten years after the first sale of the product. Also, Hatcher's strict liability claim against John Deere Co. (the distributor) was properly rejected by the district court in light of the appended decision of the Supreme Court of Georgia that Georgia law imposes strict liability upon manufacturers only.

Hatcher also contends that application of O.C.G.A. § 51–1–11 to her case unconstitutionally denies her procedural due process and equal protection. These claims are without merit and warrant no discussion.

For the foregoing reasons, the judgment of the district court is

AFFIRMED in part, REVERSED in part and REMANDED for proceedings consistent with this opinion.

## APPENDIX

## HATCHER

v.

## ALLIED PRODUCTS CORPORATION et al.

No. 43233.

Supreme Court of Georgia.

June 27, 1986.

PER CURIAM.

This case comes to us upon three questions certified from the United States Court of Appeals for the Eleventh Circuit.

Miriam Hatcher filed suit against John Deere Company and Deere & Company, maintaining the defendants were negligent and strictly liable for injuries she suffered on June 2, 1982 while using a product manufactured by defendant Deere & Company, and distributed by defendant John Deere Company. The District Court for the Middle District of Georgia granted the defendants' motions for summary judgment on all counts on the ground that Hatcher's claims are barred by OCGA § 51–1–11(b)(2). Hatcher thereafter appealed to the Court of Appeals for the Eleventh Circuit.

The facts of the case, as stated by the Eleventh Circuit, are as follows:

"Hatcher's father purchased a John Deere tractor model 2030 on March 16, 1973. The tractor was manufactured by Deere on March 6, 1973 and immediately sold to John Deere, a distribution company. John Deere shipped the tractor to Albany Tractor Company which subsequently sold it to Hatcher's father.

"Hatcher alleges that she was injured on June 2, 1982 when her arm became entangled in an unguarded moving shaft of a mower that was powered by the tractor that is the subject of this action. She filed her original complaint on April 18, 1984. Since the tractor was purchased in March

of 1973, her cause of action arose less than ten years after the purchase, although she filed her complaint more than ten years after the purchase.

"O.C.G.A. § 51–1–11 provides:

"(a) Except as otherwise provided in this Code section, no privity is necessary to support a tort action; but, if the tort results from the violation of a duty which is itself the consequence of a contract, the right of action is confined to the parties and those in privity to that contract, except in cases where the party would have a right of action for the injury done independently of the contract and except as provided in Code Section 11–2–318.

"(b)(1) The manufacturer of any personal property sold as new property directly or through a dealer or any other person shall be liable in tort, irrespective of privity, to any natural person who may use, consume, or reasonably be affected by the property and who suffers injury to his person or property because the property when sold by the manufacturer was not merchantable and reasonably suited to the use intended, and its condition when sold is the proximate cause of the injury sustained.

"(2) No action shall be commenced pursuant to this subsection with respect to an injury after ten years from the date of the first sale for use or consumption of the personal property causing or otherwise bringing about the injury.

"(3) A manufacturer may not exclude or limit the operation of this subsection.

"Defendants John Deere and Deere contend on appeal that the district court correctly interpreted O.C.G.A. § 51–1–11 to bar both Hatcher's strict liability and negligence claims. Defendants would have us read the phrase 'after ten years' in subsection (b)(2) to modify the words '[n]o action shall be commenced.' By that interpretation, Hatcher's strict liability claims (and possibly her negligence claims) would be barred because she did not file her original complaint within ten years from the time her father bought the tractor. Hatcher, on the other hand, contends that the phrase 'after ten years' modifies the immediately preceding word 'injury.' By that interpretation, § 51–1–11(b)(2) would not bar Hatcher's claims because she was injured within ten years from the time her father purchased the tractor."

Based on these facts, the Eleventh Circuit certified the following questions.

1. "Where an injury occurred less than ten years after the first sale of the product, and where suit is filed more than ten years after the first sale of the product, does OCGA § 51–1–11(b)(2) bar strict liability claims based on an alleged defect in the product?"

Yes. Prior to July 1, 1978, there was no time bar to a strict liability claim under OCGA § 51–1–11 against a product manufacturer. We hold that in enacting OCGA § 51–1–11(b)(2), see Ga.L.1978, p. 2267, § 1, the General Assembly intended to bar an action which is commenced more than ten years after the "date of the first sale for use or consumption of the personal property causing or otherwise bringing about the injury." The statute is, therefore, a complete bar to strict liability actions *filed* more than ten years after the "date of the first sale for use or consumption of" the product regardless of whether the underlying *injury occurred* within the ten year period. See *Weeks v. Remington Arms*, 733 F.2d 1485 (C.A. 11 1984). The inclusion of the language "with respect to an injury" in this subsection does not extend the period in which an action may be timely brought.

2. "Does OCGA § 51–1–11 apply to negligence claims as well as strict liability claims?"

No. See *Ford Motor Co. v. Carter*, 239 Ga. 657, 660 238 S.E.2d 361 (1977) in which this court determined that OCGA § 51–1–11 (formerly Code Ann. § 105–106) "imposes liability irrespective of negligence," and held that "neither negligence as a matter of fact or *per se* is involved in a cause of action brought under [OCGA § 51–1–11]." 239 Ga. at 662–3, 238 S.E.2d 361.

3. "Does OCGA § 51–1–11 apply to distributors (John Deere in this case)?"

No. See *Ellis v. Rich's Inc.*, 233 Ga. 573 at 577–8, 212 S.E.2d 373 (1975), in which this court held that OCGA § 51–1–11 (formerly Code Ann. § 105–106) imposes strict liability upon manufacturers only. The defense provided by OCGA § 51–1–11(b)(2) is likewise available to manufacturers alone.

Certified questions answered.

All the Justices concur except SMITH, GREGORY and BELL, JJ. dissent to Division 1.

GREGORY, Justice dissenting.

The interpretation placed on OCGA § 51–1–11(b)(2) by the majority will in some cases lead to unreasonable results in my opinion, therefore I respectfully dissent. If someone is injured by the use of personal property on the last day, or very near the end, of the ten year period commencing with the date of first sale, there is a great likelihood the injured person would have no opportunity to file suit within the ten year period. I think it much more reasonable to require that the injury occur within the ten year period but then allow the usual two year statutory period thereafter for filing suit. Since I view this as the reasonable approach to a resolution of the problem I would attribute such an intention to the General Assembly through the enactment of OCGA § 51–1–11(b)(2).

I am authorized to state that Justice SMITH and Justice BELL join in this dissent.