76485. LFE CORPORATION (AUTOMATIC SIGNAL DIVISION) v. EDENFIELD et al.
(371 SE2d 435)

BIRDSONG, Chief Judge.

This is an interlocutory appeal of an order by the State Court of Chatham County denying in part appellant's motion for summary judgment. This case presents an issue regarding the potential retroactive application of OCGA § 51-1-11 (b) (2) as to a claim against a manufacturer based on negligence. The cause of action in this case arises from an automobile accident that occurred when a stop light manufactured by appellant and sold to the Department of Transportation allegedly malfunctioned by flashing a green signal to all oncoming traffic. Appellee entered the intersection, allegedly relying on the accuracy of the malfunctioning signal, and was struck by a tractor-trailer entering the intersection from a connecting road. Appellee subsequently brought suit on the basis of both strict liability and negligence. Appellant responded by asserting that the suit was barred by the 10-year statute of repose contained in OCGA § 51-1-11. The trial judge partially granted appellant's motion as to that portion of the claim sounding in strict liability, but denied the requested relief as to that portion of the claim grounded on a cause of action based on negligence.

Appellant enumerates as error that "[t]he trial court erred in denying [appellant's] motion for summary judgment in regard to appellees' claims under the theory of negligence where their complaint was filed more than ten years from the date the product was first sold." The relevant events are chronologically listed as follows:

(a) April 23 and 26, 1976: Appellant, in response to a purchase order, ships certain traffic lights to the State.

(b) July 1, 1978: OCGA § 51-1-11 (b) (2) (then Code Ann. § 105-106 (b) (2)) becomes effective.

(c) December 7, 1984: Appellee's vehicle is struck at intersection.

(d) December 4, 1986: Appellee's complaint is filed.

(e) July 1, 1987: Subsection (c) is added to OCGA § 51-1-11.

OCGA § 51-1-11 (b) (1) provides that manufacturers of personal property sold as new property shall be subject to strict liability under certain conditions not relevant to the determination of the issue before us. OCGA § 51-1-11 (b) (2) provides that: "[n]o action shall be commenced pursuant to this subsection with respect to an injury after ten years from the date of the first sale for use or consumption of the personal property causing or otherwise bringing about the injury." OCGA § 51-1-11 (c) pertinently provides that: "[t]he limitation of paragraph (2) of subsection (b) of this Code section regarding bringing an action within ten years from the date of the first sale for use or consumption of personal property shall also apply to the commencement of an action claiming negligence of a manufacturer as the basis of liability. . . ."

The trial judge correctly concluded that *Hatcher v. Allied Prods. Corp.*, 256 Ga. 100 (344 SE2d 418) was dispositive of the issue regarding the retroactive application of OCGA § 51-1-11 (b) (2) to that portion of appellee's claim sounding in strict liability. In *Hatcher*, a tractor was manufactured and sold in 1973, the provisions of OCGA § 51-1-11 (b) (2) (then Code Ann. § 105-106) creating a 10-year statute of repose were enacted in 1978; the injury occurred in 1982; and, the original complaint was filed in 1984. Thus, the statute of repose was enacted both *before* the injury and *before* the complaint was filed, but *after* the first sale of the tractor. The suit in *Hatcher* was commenced more than ten years after the first sale and was based on claims sounding in both strict liability and negligence. The court held that the statute barred that portion of the suit grounded on a strict liability claim, but that the statute did not apply to negligence claims. In arriving at its disposition, the court in *Hatcher* concluded "[t]he statute is . . . a complete bar to strict liability actions *filed* more than ten years after the 'date of the first sale for use or consumption of' the product regardless of whether the underlying *injury occurred* within the ten-year period." Id. at 101. Thus, under the *Hatcher* holding, when this type of statute of repose is enacted both *before* the injury and *before* the complaint is filed, but *after* the first sale occurs, it clearly will be given appropriate application. Thus the trial judge's reliance on *Hatcher* to dispose of appellee's strict liability claim was correct.

Appellant argues, however, that the trial judge improperly denied that portion of its motion for summary judgment as pertained to appellee's claim sounding in negligence. Appellant basically asserts that the provisions of OCGA § 51-1-11 (c), enacted in 1987, which in essence provide that the ten-year statute of repose found in OCGA § 51-1-11 (b) (2) shall also apply to claims against a manufacturer

sounding in negligence are only a clarification of the legislative intent of the Georgia Assembly. Specifically, by subsequently enacting subsection (c), the legislature clearly was establishing that they intended a similar result when they originally enacted subsection (b) (2). If this argument is correct, then *Hatcher* controls as OCGA § 51-1-11 (b) (2) both predated appellee's accident and the date of the filing of the complaint. Inherent in this argument is the proposition that OCGA § 51-1-11 (b) (2) from its inception applied to claims sounding in negligence. This argument overlooks the precedent of our courts that OCGA § 51-1-11 (b) (2) as originally enacted did *not* apply to negligence claims. *Hatcher*, supra at 101, citing *Ford Motor Co. v. Carter*, 239 Ga. 657, 660 (238 SE2d 361). As OCGA § 51-1-11 (b) (2) originally applied only to claims sounding in strict liability, the effect of the subsequent enactment of subparagraph (c) was not that of "clarification," but the promulgation of a *new* statutory rule that would provide for the application of the ten-year statute of repose to negligence cases.

Appellant further argues, however, that even if subparagraph (c) does not constitute a clarifying amendment, a statute of repose may be given retroactive application, and therefore the provisions of subparagraph (c) should be applied retroactively to bar appellee's negligence claim. In support of this contention, appellant relied primarily upon *Hatcher*, supra; *Nelms v. Georgian Manor Condominium Assn.*, 253 Ga. 410 (321 SE2d 330); and *U-Haul Co. of Western Ga. v. Abreu & Robeson*, 156 Ga. App. 72 (274 SE2d 26), affirmed on other grounds, 247 Ga. 565 (277 SE2d 497). The facts of these cases are distinguishable from the facts of this case.

The issue of whether OCGA § 55-1-11 (c), a statute of repose, can be applied retroactively when both the *injury* and the *filing* of the original complaint preceded the effective date of its enactment is one of first impression for our courts. This issue is squarely before us as this claim currently is not barred by any other statute of repose or statute of limitation.

Statutes of limitation and statutes of repose "look only to remedy and not to substantive rights," see *Dixie Constr. Co. v. Williams*, 95 Ga. App. 767, 770 (98 SE2d 582), and thus under certain conditions can be applied retroactively. See, e.g., *Hatcher*, supra; OCGA § 1-3-5.

In *Jaro, Inc. v. Shields*, 123 Ga. App. 391 (181 SE2d 110), this court held that "[a] statute of limitation is remedial in nature." Id. at 392. Statutes of repose are likewise remedial in nature. Thus, as we stated in *Jaro*, "[t]he legislature can constitutionally provide for the retrospective application of a remedial statute provided a time be fixed subsequent to the passage of the statute which allows citizens affected by it a reasonable time to protect their rights." Id.; see OCGA § 1-3-5. But, "a statute is not to be construed retroactively in

operation unless the language of the statute imperatively requires it." *Jaro*, supra at 392.

In *Watkins v. Barber-Colman Co.*, 625 F2d 714 (5th Cir. 1980), plaintiff was in an accident in February 1978, the ten-year statute of repose (Code Ann. § 105-106 (b) (2)) became effective July 1978, and the complaint was filed in September 1979. The court citing *Jaro* held that the "statute of limitation" did not apply, as no language was found therein which imperatively required its retroactive application.

However, notwithstanding the language in *Jaro* and OCGA § 1-3-5, the Supreme Court in *Hatcher* applied OCGA § 51-1-11 (b) (2) to bar the strict liability claim, apparently relying on the perceived legislative intent concerning the statute's application to the facts before it. In doing so, the Supreme Court neither cited OCGA § 1-3-5 nor discussed our holding in *Jaro*.

In the case at bar, the trial judge, in addition to citing the precedent found in *Jaro*, also relied upon the principles discussed in *Enger v. Erwin*, 245 Ga. 753 (267 SE2d 25), and concluded that appellees had a substantive right to bring an action sounding in negligence, which "vested" before OCGA § 51-1-11 (c) was enacted, thereby precluding the retroactive application of the statute of repose as to this particular claim. In *Enger*, the Supreme Court stated: "Although legislation which involves mere procedural or evidentiary changes may operate retrospectively, legislation which affects substantive rights may operate prospectively only." *Enger*, supra at 754.

In view of the existing facts, we need not determine whether the guidance found in *Jaro* remains viable, or whether the trial court could properly rely upon the principles found in *Enger* in the disposition of the retroactivity issue. In this case, not only did appellee's cause of action accrue before OCGA § 51-1-11 (c) was promulgated, but *appellee's complaint was filed before this subsection was enacted* as well. Other states generally have adopted the rule that *the statute of limitation or statute of repose in force at the time the suit is commenced governs. Dodd v. Kiefer*, 416 NE2d 463, 465 (Ind. App. 1981); *Street v. Anniston*, 381 S2d 26, 29 (S.C. Ala. 1980); accord *Wimpey v. Sanchez*, 386 S2d 1241, 1242 n. 2 (C.A. Fla. 1982); quashed in part, 409 S2d 20, on remand 410 S2d 197; *Grand Island School Dist. v. Celotex Corp.*, 279 NW2d 603, 609 (203 Neb. 559 (1979)); *Andrulat v. Brook Hollow Assoc.*, 407 A2d 1017, 1018 (176 Conn. 409 (1979)); see *Brooks v. New Orleans Public Svc.*, 370 S2d 686, 690 (C.A. La. 1979), writ den. 373 S2d 512; *Hupp v. Gray*, 382 NE2d 1211, 1214 (73 Ill2d 78 (1978)).

We believe that the principle of law adopted in the above-cited cases is entirely consistent with the intent of our legislature that ordinarily laws will not have a retrospective operation. OCGA § 1-3-5. Accordingly, we hold that, based on the operative facts of this case, ap-

pellee's cause of action sounding in negligence is not barred by the statute of repose contained in OCGA § 51-1-11 (c).
*Judgment affirmed. Banke, P. J., and Beasley, J., concur.*

DECIDED JUNE 29, 1988 —
REHEARING DENIED JULY 11, 1988 —

*Luhr G. C. Beckmann, Jr., Walker W. Ballew III*, for appellant.
*Stanley M. Karsman, David H. Connolly, Jr., Laura E. Best, Tom A. Edenfield*, for appellees.