**Ted WHITE and Esther White, Plaintiffs,**

v.

**W.G.M. SAFETY CORP., E.D. Bullard Company and Clemco Industries, Inc., Defendants and Third–Party Plaintiffs,**

v.

**MONTGOMERY SAND COMPANY, Coastal Abrasive Company, Miller Sand Company, Florida Silica Sand Company, Dawes Manufacturing Company, Empire Abrasive Equipment Corporation, and Pulmosan Safety Equipment Corporation, Third–Party Defendants.**

Civ. A. Nos. 488–038, 488–037.

United States District Court,
S.D. Georgia,
Savannah Division.

Oct. 25, 1988.

Eugene Brooks, Savannah, Ga., for plaintiffs.

Jordon D. Morrow, R. Clay Ratterree, Arnold C. Young, F. Saunders Aldridge, Savannah, Ga., Steve A. Bryant, Bryant, Renneker & McLean, Houston, Tex., for defendants and third-party plaintiffs.

## ORDER

EDENFIELD, District Judge.

Before the Court are the motions of defendants W.G.M. Safety Corp., E.D. Bullard Company, and Clemco Industries, Inc.,

for summary judgment. For reasons set forth below, these motions are DENIED.

## I. BACKGROUND

Plaintiff Ted White worked as a sandblaster and painter from about 1966 until 1987. In April of 1987 he became permanently disabled with silicosis, which he claims was caused by exposure to silica dust while sandblasting. He has brought a products liability suit alleging negligence and strict liability against three manufacturers and sellers of sandblasting protective equipment: defendants W.G.M. Safety Corp. ("W.G.M."), E.D. Bullard Company ("Bullard"), and Clemco Industries, Inc. ("Clemco").[1] His wife Esther White seeks damages for loss of consortium.[2]

Plaintiffs claim that W.G.M. sold half-mask dust respirators, used by plaintiff, which did not provide adequate protection from silica dust during sandblasting. Plaintiffs contend that W.G.M. did not warn or instruct that its respirators should not be used in sandblasting and that its dust filters and cotton faceletes increased exposure to silica dust. Plaintiffs allege that Bullard and Clemco sold air-fed hoods for use by sandblasters, and that Clemco sold a non-air-fed canvas hood marketed specifically for sandblasting but designed so that no approved or adequate sandblasting respirators could be used with it. Plaintiffs claim that none of these defendants tested these hoods under sandblasting conditions or warned prospective users of the dangers of silica dust exposure.

Defendants deny that plaintiff Ted White is suffering from silicosis or any silica related disease. Defendants also deny breaching any duty to plaintiffs and deny that their respective products were negligently designed or defective. They claim that guidelines of the American National Standards Institute and regulations of the Occupational Safety and Health Administration placed upon Ted White's employers the responsibility for monitoring the work-

1. Plaintiffs have withdrawn or abandoned their allegations of breach of warranty and proceed only under theories of negligence and strict liability.

2. Plaintiff Ted White's action has been consolidated with his wife's action for loss of consortium.

place, training and educating each employee involved in abrasive blasting in the proper use and maintenance of respirator protection and further obligated his employers to continue to monitor the adequacy of respiratory protective equipment. Defendants contend further that plaintiff was negligent, assumed the risk of injury, and made improper, inappropriate, and unforeseeable use of their products.[3]

In their separate motions, defendants have moved for summary judgment on various grounds which will be discussed in turn.

## II. LAW AND ANALYSIS

### A. *Summary Judgment*

The Court recognizes that because summary judgment is a "lethal weapon, depriving a litigant of a trial on the issue, caution must be used to ensure only those cases devoid of any need for factual determinations are disposed of by summary judgment." *Tippens v. Celotex Corp.*, 805 F.2d 949, 953 (11th Cir.1986). As the parties seeking summary judgment, defendants bear "the exacting burden of demonstrating that there is no dispute as to any material fact in the case." *Warrior Tombigbee Transp. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir.1983). All reasonable doubts about the facts are to be resolved in favor of the non-movant, although "the non-moving party ... bears the burden of coming forward with sufficient evidence of every element that he or she must prove." *Rollins v. TechSouth, Inc.*, 833 F.2d 1525, 1528 (11th Cir.1987); *Livernois v. Medical Disposables, Inc.*, 837 F.2d 1018, 1022 (11th Cir.1988). Moreover, if the record presents factual issues, the Court must not decide them; it must deny the motion and proceed to trial. *Clemons v. Dougherty County*, 684 F.2d 1365, 1369 (11th Cir.1982).

Of course, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986) (emphasis in original). At the summary judgment stage, the Court's function is not "to weigh the evidence and determine the truth of the matter but to determine whether there is genuine issue for trial." *Id.* at 249, 106 S.Ct. at 2511. *See also McKenzie v. Davenport–Harris Funeral Home*, 834 F.2d 930 (11th Cir.1987).

### B. *Plaintiff Ted White's Injuries*

Defendants deny that Ted White is suffering from silicosis. Plaintiffs have met their burden in demonstrating that as to plaintiff Ted White's injuries there is an issue for trial.

### C. *Duty to Warn*

Defendants assert that, as a matter of law, they were not negligent for allegedly failing to instruct or warn plaintiff adequately of dangers arising from the use of their respiratory equipment or for failing to label this equipment. Defendants argue that Ted White's employer was required to have knowledge of protective equipment for sandblasting, that Ted White was aware of the dangers of sandblasting, and that, therefore, defendants cannot be held liable for Ted White's alleged injuries.

#### 1. The Employer's Knowledge and Duty

Defendants contend that there is no duty to test a product or to warn against risks associated with it where a product is sold to those charged by law with the knowledge of the dangers involved. Under Georgia law a manufacturer may be liable under both negligence and strict liability. *Rhodes v. Interstate Battery System of Am.*, 722 F.2d 1517, 1518–19 (11th Cir.1984) (construing Georgia products liability law). However, such a defense would go toward liability based on negligence; it would not apply to any action in strict liability.

Although the precise question *sub judice* has not been addressed in Georgia, it is the prevailing view in other jurisdictions that under a strict liability theory where both a product manufacturer and a third party

---

**3.** Defendants have also brought third party actions against a number of sand manufacturers; however, the Court has severed those actions pending resolution of plaintiffs' claims.

owe independent duties to warn users regarding a product defect or danger, the third party's failure to warn is not a defense to the manufacturer's failure to warn. The manufacturer cannot delegate to such a third party the duty to warn of a defect or danger. *See Reese v. Mercury Marine Division of Brunswick Corp.*, 793 F.2d 1416, 1420 (5th Cir.1986) (Texas); *Montgomery Elevator Co. v. McCullough*, 676 S.W.2d 776 (Ky.1984); *Hoffman v. E.W. Bliss Co.*, 448 N.E.2d 277 (Ind.1983); *Jackson v. Coast Paint and Lacquer Co.*, 499 F.2d 809 (9th Cir.1974) (Montana). Similarly, where a manufacturer attempts to fulfill its duty to warn through a third party intermediary, that third party's negligence does not break the causal connection between a breach of the manufacturer's duty and the ultimate user's injury in a strict liability action. *See Reese v. Mercury Marine Division of Brunswick Corp.*, 793 F.2d at 1420. Under a strict liability theory, the question remains whether defendants' products were defective and whether the warning was adequate. Such an issue is for the jury to determine.

■ Plaintiffs' negligence theory in this case is predicated in part on the principle that a manufacturer is under a duty to inform potential users of the product of any facts making it dangerous. *Rhodes v. Interstate Battery System of America*, 722 F.2d at 1518–19. *See also Reddick v. White Consolidated Industries, Inc.*, 295 F.Supp. 243, 245 (S.D.Ga.1969). The manufacturer's duty to warn is not merely a duty owed to the purchaser but a duty to warn the end user. *Center Chemical Co. v. Parzini*, 234 Ga. 868, 218 S.E.2d 580 (1975).

■ Defendants argue that industry standards and federal regulations as evidenced in safety standards set forth pursuant to the Occupational Health and Safety Act ("OSHA") specifically required that Ted White's employers have knowledge of the problems involved in sandblasting, provide proper protective equipment for sandblasting, and instruct their employees in the proper use of this equipment and the dangers involved with its use.[4] They argue that under the Code of Federal Regulations, employers were required to ensure: (1) that an employee's exposure to silica and silicates not exceed set levels, 29 C.F. R. § 1910.94(a)(2)(ii) and .1000; (2) that dust filters not be used for continuous protection where silica sand is used as the blasting abrasive, 29 C.F.R. § 1910.94(a)(5)(iii)(a) and (b); and (3) that a respiratory program be set up including the provision of proper respiratory equipment, surveillance of employees and their degree of exposure to silica, and training sessions including test fittings of equipment and trial runs using equipment, 29 C.F.R. § 1910.94(a)(5)(iv) and .134(a)(2), (b), (e)(1), 2 and 5), (f)(1 and 2).

Defendants argue that the OSHA regulations charging employers with fulfilling certain safety-related duties specifically relieved defendants of their duty to warn Ted White of the dangers posed by use of their products. Plaintiffs argue that Georgia law does not absolve defendants on the basis of these regulations, because defendants' duties are nondelegable.[5]

Defendants rely largely upon *Stiltjes v. Ridco Exterminating Co.*, 178 Ga.App.

---

**4.** Congress specifically limited the use of OSHA regulations in the courts by enacting the following subsection:

Nothing in this Act shall be construed to supersede or in any manner affect any workmen's compensation law or to enlarge or diminish or affect in any other manner the common law or statutory rights, duties, or liabilities of employers and employees under any law with respect to injuries, diseases, or death of employees arising out of, or in the course of, employment.

29 U.S.C. § 653(b)(4). Although this subsection does not create a private cause of action for persons injured as a result of noncompliance,

evidence of an OSHA violation has been held to be admissible as evidence of an employer's negligence. *See, e.g., National Marine Service, Inc. v. Gulf Oil Co.*, 433 F.Supp. 913 (D.C.La.1977); *Buhler v. Marriott Motels, Inc.*, 390 F.Supp. 999 (D.C.La.1974). The questions then become whether Ted White's employers' alleged negligence is relevant to defendants' liability under a negligence theory.

**5.** Plaintiffs assert that the uncontroverted evidence establishes that Ted White's employer thought it conformed with all applicable federal regulations because federal inspectors visited all job sites and never cited it for any violations. *Deposition of Richard Moore* at 52.

438, 343 S.E.2d 715 (1986). In that case plaintiff's landlord entered into a pest control agreement with defendant Ridco for the treatment of plaintiff's home. Ridco applied pesticides by Dettelbach, a manufacturer and distributor of pesticide products. Plaintiff brought suit against Ridco and Dettelbach alleging that her husband died from exposure to pesticides as a result, *inter alia*, of defendant Dettelbach's failure to provide adequate warnings regarding the dangers of using pesticides around persons such as her husband who suffered from asthma. Dettelbach sold its pesticides only to licensed commercial applicators and not to individuals, and all commercial applicators, like Ridco, were charged by law with knowledge of the dangers of the use of pesticides around persons with asthma. The Court held that where a product "is vended to a particular group or profession, the manufacturer is not required to warn against risks generally known to such group or profession." *Id.* at 441, 343 S.E.2d 715.

That principle had previously been recognized in *Eyster v. Borg–Warner Corp.*, 131 Ga.App. 702, 704, 206 S.E.2d 668 (1974). In *Eyster* a homeowner brought an action against a manufacturer of a heating and air-conditioning unit which had been improperly wired, alleging that the manufacturer had failed to warn the distributor of dangers inherent in connecting aluminum and copper wires. The evidence demonstrated that it was common knowledge in the industry that connecting such wires was perilous. *Eyster* distinguished between selling to the public and selling to a group expected to have knowledge of the dangers involved in using a product. *Id.*

The issue *sub judice* is different. Ted White alleges that he, not his employer, was unaware of the dangers inherent in the use of defendants' products, and *he* was not charged by law with having the knowledge of those dangers. Plaintiffs claim that defendants failed to warn Ted White, not his employers, of the dangers inherent in use of their products. Clearly, in both *Stiltjes* and *Eyster*, the manufacturer had no duty to warn the homeowner plaintiff on how to use or install the product; the user or installer controlled the product or its installation and was charged by law with knowledge of the dangers. Furthermore, in *Stiltjes* and *Eyster* there was no employer-employee relationship between the plaintiff and the third party like that which exists in this case. Ted White was not charged by law with knowledge of the dangers inherent in using defendants' products.

▪ Therefore, even assuming that Ted White's employers had a duty to warn or instruct him of dangers, the existence of the employer's independent duty does not provide an absolute defense for defendants. In Georgia the causal connection between an original negligent act or omission and ultimate injury will not be broken by an intervening act of a third party where that intervening act could have been reasonably anticipated, apprehended, or foreseen by the original wrongdoer. *See Aretz v. United States*, 503 F.Supp. 260, 290 (S.D.Ga.1977). However, where the sole proximate cause of an injury to plaintiff is the negligence of someone other than defendant, there can be no recovery against defendant even if defendant may have been guilty of negligence. *Stroud v. Willingham*, 126 Ga.App. 156, 190 S.E.2d 143 (1972). Of course, proximate causation, like negligence, generally presents an issue of fact for jury determination.[6]

### 2. Ted White's Knowledge of the Danger

▪ Defendants claim that the record establishes that Ted White was not an "unsophisticated consumer." They claim he was fully aware of the risk and danger involved in using their products and that he

---

6. The OSHA regulations thus do not provide an automatic insulation to defendants; however, in negligence product liability actions they have been held to be relevant to the issue of what measures adequately warn a product's user of potential dangers. *See Smith v. Firestone Tire & Rubber Co.*, 755 F.2d 129, 132–34 (8th Cir.1985) (OSHA regulations relating to servicing of rim wheels and to training employees relevant to manufacturer's alleged failure to warn of dangers of tire rim); *Johnson v. Niagara Machine & Tool Works*, 666 F.2d 1223, 1225–26 (8th Cir. 1981) (OSHA regulations that went to issue of employer's not manufacturer's negligence properly admitted in product liability action against manufacturer).

assumed that risk. They contend that there is no duty to warn of a danger of which plaintiff is aware. As the Georgia Supreme Court has held, "[i]f the user or consumer discovers the defect and is aware of the danger, but nevertheless proceeds unreasonably to make use of the product, he is barred from recovery." *Chemical Center Co. v. Parzini*, 234 Ga. 868, 870, 218 S.E.2d 580 (1975).

 Plaintiff Ted White has admitted that he was aware that breathing sand was bad for him, and that he wore protective equipment to prevent harm; however, he also has claimed ignorance with respect to the dangers of silicosis. Ted White testified that he did not know that breathing a small quantity of sand could cause any serious or terminal illness. His admission that he knew breathing dust was generally bad for him would not be sufficient to bar recovery in this case because it does not indicate awareness of the true danger. *See Borel v. Fibreboard Paper Products Corp.*, 493 F.2d 1076, 1093 (5th Cir.1973). In general, a jury is to determine whether a user was aware of the dangers inherent in using a product, and whether his use of the product in view of this knowledge was unreasonable. *See Parzini v. Center Chemical Co.*, 136 Ga.App. 396, 221 S.E.2d 475 (1975).

Defendants argue that plaintiff failed to heed warnings provided by defendants and that plaintiff therefore cannot recover. Even when a warning is provided, failure to read a warning does not necessarily bar recovery when the plaintiff is challenging the adequacy of the efforts of the manufacturer or seller to communicate the dangers of the product to the buyer or user. *Stapleton v. Kawasaki Heavy Industries, Ltd.*, 608 F.2d 571, 573 (5th Cir. 1979). Whether a warning is adequate is a question for the jury.

### D. *Statute of Limitations*

Defendants contend that plaintiffs' action in strict liability is barred, at least in part, by the statute of limitations. O.C.G.

A. § 51–1–11 provides that no strict liability action "shall be commenced pursuant to this subsection with respect to an injury after ten years from the date of the first sale for use of consumption of the personal property causing or otherwise bringing about an injury." In *Hatcher v. Allied Products Corp.*, 256 Ga. 100, 101, 344 S.E. 2d 418 (1986), the court held that where an injury occurred less than ten years after the first sale of the product and suit is filed more than ten years after that sale, O.C. G.A. § 51–1–11 bars strict liability claims based on an alleged defect in the product but does not bar negligence claims.

In this case no action in strict liability lies for products sold prior to February 22, 1978.[7] Plaintiffs have conceded that strict liability will not apply to the W.G.M. Series 45–respirator. As to all other products, either plaintiffs have made an adequate showing to create a question for trial as to whether the particular product was sold to plaintiff after February 22, 1978, or defendants have failed to support properly and specifically their motion as to particular products.

Of course, the ten year limitations period does not apply to actions in negligence involving these same products. Clemco argues that subsection (c) of O.C.G.A. § 51–1–11, enacted in 1987, extends the statute of limitations to plaintiffs' action in negligence; however, that subsection does not apply to products that cause a disease, nor does it relieve a manufacturer from a duty to warn of a danger arising from the use of a product. Subsection (c) therefore does not preclude plaintiffs' negligence action. *Hatcher v. Allied Products Corp.*, 256 Ga. at 102, 344 S.E.2d 418.[8]

### III. CONCLUSION

For the foregoing reasons, defendants' motions are DENIED.

---

**7.** The Court notes that, as to plaintiffs' claims against Clemco, O.C.G.A. § 51–1–11 applies only to the manufacturer of a product, not to distributors.

**8.** At trial the jury will be instructed appropriately as to the statute of limitations.