A90A0493. MANSFIELD v. PANNELL et al.
(390 SE2d 913)

BIRDSONG, Judge.

This court granted the petition of appellant, Donald L. Mansfield, M.D., to file an interlocutory appeal of the trial court's order denying his motion for summary judgment.

This case involves an action for medical malpractice brought on behalf of a minor by the parents against the physician who assisted in the delivery of the child. It is averred in the complaint that the child was delivered "in a very depressed condition with a one minute Apgar score of one." The date of delivery was August 20, 1980. Effective July 31, 1987, OCGA Title 9 was amended as part of a legislative package designed to provide substantive and comprehensive reforms affecting claims for medical malpractice, among those changes were certain amendments to OCGA § 9-3-73; suit subsequently was filed on September 30, 1988, when the child was eight years of age.

Appellant asserts that the trial court erred in denying his motion for summary judgment because the unambiguous statute of limitation

of OCGA § 9-3-73 bars this action. *Held*:

OCGA § 9-3-73 was amended, effective July 31, 1987, inter alia, "so as to provide that minors who have attained the age of five years and incompetents *shall be subject to* limitations of actions provisions regarding medical malpractice," and to provide for certain specified exceptions thereto. (Emphasis supplied.) Ga. L. 1987, p. 887.

Subsection (c) of OCGA § 9-3-73, is intended to create a statute of repose; likewise, subsection (b) is a statute of limitation. OCGA § 9-3-73 (d).

OCGA § 9-3-73 (b) pertinently provides: *"Notwithstanding Article 5 of this chapter . . .* all minors *who have attained the age of five years* shall be subject to the periods of limitation for actions for medical malpractice *provided in this article.* A minor who has *not* attained the age of five years shall have two years from the date of such minor's fifth birthday within which to bring a medical malpractice action *if* the cause of action arose before such minor attained the age of five years." (Emphasis supplied.) As the child obviously had *not* attained age five years at the time of his delivery, under the plain and clear language of subsection (b) above, any action commenced in his behalf would have to be brought two years from the date of the child's fifth birthday to avoid being subject to the statute of limitation contained in OCGA § 9-3-73 (b).

Appellees have advanced certain arguments predicated on the assumption that it would constitute a retroactive application of the amended statute to subject this action to the above discussed statute of limitation. We disagree. As the complaint was *filed* after the effective date of the statutory amendment, no issue of retroactivity is involved (*Hunter v. Johnson*, 259 Ga. 21 (3) (376 SE2d 371)), and the statute as amended governs (*LFE Corp. v. Edenfield*, 187 Ga. App. 785, 788 (371 SE2d 435)).

The child was eight years of age when the complaint was filed in this case. Accordingly, this action appears to be subject to and barred by the statute of limitation contained in OCGA § 9-3-73 (b). Appellees, however, further assert that certain statutory principles, found in Article 5 of Chapter 3, exclude this cause of action from the limitations found in OCGA § 9-3-73 (b). At the outset, we note that subsection (b) expressly provides that certain classes of people, which include the injured child in this case, shall be subject to the statute of limitation therein contained "[n]otwithstanding Article 5 of this chapter." However, appellees argue that this action nonetheless is exempted from the operation of subsection (b) by a statutory exception contained in OCGA § 9-3-73 (g).

The *second* sentence in OCGA § 9-3-73 (g) provides that "[n]o action which would be barred *before July 1, 1987*, by the provisions of this article, as amended, but which would not be so barred by the

provisions of this article and Article 5 of this chapter in force immediately prior to July 1, 1987, shall be barred until July 1, 1989." OCGA § 9-3-73 (g) does not contain any express exceptions for actions which would *not* have been barred *before* July 1, 1987, but which would subsequently become barred within two years of the effective date of OCGA § 9-3-73 as amended. Thus, on its face OCGA § 9-3-73 (g) contains no exception applicable to the fact situation in the case sub judice.

The trial court, however, interpreted the pertinent provision in OCGA § 9-3-73 (g), "[b]y substituting July 1, 1989, for July 1, 1987 as the first date in the second sentence," thereof. In so holding, the trial court in effect rendered moot appellees' further assertion that OCGA § 9-3-73 as amended does not afford equal protection because not all claimants with similar causes of action are given the benefits of the two-year grace period.

We find that the trial court erred in substituting the year "1989" for the year "1987" found in the second sentence of subsection (g). The statute is plain and unambiguous on its face. "When a statute 'is plain and susceptible of but one natural and reasonable construction, the court has no authority to place a different construction upon it, but must construe it according to its terms.' " *Ringewald v. Crawford W. Long Mem. Hosp.*, 258 Ga. 302, 303 (368 SE2d 490). Further, we believe that it was the intent of the legislature to enact subsection (g) exactly as the subsection is drafted. In this regard, we note that one of the primary purposes attributed to the amendment of OCGA Title 9 was "so as to provide that minors who have attained the age of five years . . . shall be subject to limitations of actions provisions regarding medical malpractice." Ga. L. 1987, p. 887. The current wording of the second section of OCGA § 9-3-73 (g) clearly is more compatible with this overall legislative intent than is the modification proposed by the trial judge which would substantially expand the category of actions falling within the exception. Moreover, if the legislature had intended to provide *everyone* with a two-year grace period from date of enactment, it would have been an easy matter for it to have done so.

It is sometimes but a very fine line separating legitimate statutory construction and unauthorized judicial legislation; we believe in this instance the trial court has inadvertently crossed the line. "[I]n construing the statute so as to give effect to the legislative intent a mere segment of the statute should not be lifted out of context and construed without consideration of all the other parts of the statute." *City of Jesup v. Bennett*, 226 Ga. 606, 609 (176 SE2d 81). We believe this is precisely the effect it would have if we should substitute the year "1989" for the year "1987" as currently found in OCGA § 9-3-73 (g).

As we find that appellees' cause of action is *not* subject to any statutory exception, contained in OCGA § 9-3-73 (g), and as we find no retroactive application of the statute is involved in this case, appellees' cause of action is subject to the provisions of OCGA § 9-3-73 (b) and to the statute of limitation therein contained. Further, although OCGA § 9-3-73 (a) allows for the limited application of the disabilities and exceptions prescribed in Article 5 of Chapter 3 to be generally applicable to actions for medical malpractice (compare *Rose v. Hamilton Med. Center*, 184 Ga. App. 182 (361 SE2d 1)), OCGA § 9-3-73 (b), which includes the statute of limitation under consideration, exempts itself from any of the statutory provisions of Article 5. Thus, appellees' arguments as to the applicability of exceptions found in OCGA §§ 9-3-90 and 9-3-96 are without merit, particularly in light of our determination that the further exception contained in the second section of OCGA § 9-3-73 (g) cannot be construed so as to apply to appellees' cause of action.

Accordingly, we find that the order of the trial court must be reversed. But, in view of the posture of this record, we will remand this case to the trial court for action consistent with this opinion, and so as to provide it with the opportunity to fully consider any remaining constitutional issues which have been timely and adequately raised before it.

*Judgment reversed and case remanded with direction. Banke, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 15, 1990.

*Alston & Bird, Judson Graves, Paul J. Quiner, Bryan A. Vroon,* for appellant.

*Barnes, Browning, Tanksley & Casurella, Charles B. Tanksley,* for appellees.

