S90Q1273. BROWNING et al. v. MAYTAG CORPORATION.
(401 SE2d 725)

BELL, Justice.

The United States Court of Appeals for the Eleventh Circuit (hereafter the Eleventh Circuit) has certified the following question to this Court:

> Does [OCGA § 51-1-11] bar a products liability action based upon a negligence theory (1) where the action is commenced more than ten years after the date of the first sale for use or consumption of the product and after the July 1, 1987 effective date of [§ 51-1-11 (c)] but (2) where the injury occurred prior to July 1, 1987? [*Browning v. Maytag,* 902 F2d 882, 883 (11th Cir. 1990).]

The facts of this case, as set out by the Eleventh Circuit, are as follow:

> Fred and Lou Nell Browning (the Brownings) purchased a clothes dryer from Maytag Corporation in 1976. On July 4, 1985, the dryer malfunctioned and allegedly caused a fire that resulted in injury to the Brownings. The Brownings commenced their products liability action against Maytag on June 2, 1988, under [§ 51-1-11 (c)].
>
> [§ 51-1-11 (c)], which became effective on July 1, 1987, requires that products liability actions sounding in negligence be brought within ten years of the first sale for use or consumption of the product that caused the injury. Because the Brownings did not bring their products liability action until approximately twelve years after they had purchased the dryer, Maytag moved the court for summary judgment based on the ten-year statute of repose.
>
> The district court, however, denied the motion, holding that, because the Brownings' injury occurred prior to the July 1, 1987 effective date of [§ 51-1-11 (c)], the statute of repose did not apply to bar the cause of action. The court,

however, recognized that its resolution of the issue could constitute a "substantial ground for . . . difference of opinion." . . .

It is undisputed that the Brownings brought their cause of action twelve years after they purchased the dryer and that the Brownings purchased the dryer prior to the effective date of [§ 51-1-11 (c)]. The Georgia Supreme Court has held that products liability actions based upon *strict liability, see* [§ 51-1-11 (b) (2)], are barred when commenced over ten years after first purchasing the product, even when the product was purchased prior to the effective date of the statute of repose. *See Hatcher v. Allied Products Corp.*, 256 Ga. 100 [344 SE2d 418] (1986). In *Hatcher*, however, the injury occurred *after* the statute was enacted, while in this case, the injury occurred before the statute was enacted. The Georgia Supreme Court has not resolved the question whether [§ 51-1-11 (c)] bars actions in which the injury occurred before the statute was enacted. . . . [R]esolution of this question would be determinative of the Brownings' cause of action. . . . [*Browning*, supra, 902 F2d at 882-883.]

### Responses of this Court

We conclude that § 51-1-11 (c) cannot be applied to bar products liability actions based on negligence where the cause of action accrued before the effective date of § 51-1-11 (c), July 1, 1987.

We acknowledge that in *Hatcher* we held without qualification that § 51-1-11 (b) (2) was a bar if the action was filed more than ten years after the product was sold, but we interpret *Hatcher* as not controlling on whether the limitation of § 51-1-11 (c) can be applied retroactively to bar causes of action that accrued before the effective date of that limitation. As was noted by the Eleventh Circuit, *Browning*, supra, 902 F2d at 882-883, *Hatcher* is distinguishable on its facts from the present case, as the injury in *Hatcher* did not occur until after the effective date of the strict liability limitation, § 51-1-11 (b) (2). Accordingly, in *Hatcher* this Court did not address whether § 51-1-11 (b) (2) could be imposed retroactively to causes of action that accrued before the effective date of § 51-1-11 (b) (2), July 1, 1978. We now undertake to address the question of retroactivity with respect to § 51-1-11 (c).

The controlling principle is that a statute "which affects substantive rights may operate prospectively only. [Cit.]" *Enger v. Erwin*, 245 Ga. 753, 754 (267 SE2d 25) (1980). Accord *Brown v. Hauser*, 249 Ga. 513, 514-515 (1) (292 SE2d 1) (1982). If the Brownings' cause of action accrued or vested before the enactment of § 51-1-11 (c), the

Brownings' right to bring that action is a substantive right that § 51-1-1 (c) cannot operate retroactively to bar. *Enger v. Erwin,* supra, 245 Ga. at 754-755; *Brown v. Hauser,* supra, 249 Ga. at 514-515.

The Brownings' cause of action accrued at the time of the injury, some two years before the effective date of § 51-1-11 (c). Thus, to apply § 51-1-11 (c) retroactively to defeat the Brownings' substantive right to bring their cause of action would be unconstitutional. Accordingly, we hold that § 51-1-11 (c) may not be applied to bar the Brownings' claim.

*Certified question answered. All the Justices concur.*

DECIDED MARCH 15, 1991.

*Dillard, Landers & Bower, Terry A. Dillard, Bryant H. Bower, Jr.,* for appellants.
*J. Thomas Whelchel,* for appellee.