## A93A1245. PAFFORD v. BIOMET et al.
### (436 SE2d 504)

BIRDSONG, Presiding Judge.

Plaintiff Pafford appeals the grant of summary judgments to defendants in this medical product liability case.

Appellant Pafford underwent an operation in the spring of 1988, in which a metal spinal plate was installed to stabilize his spine while a fusion took place. A few months later, the spinal plate broke, necessitating its removal. This suit was filed in 1990, asserting that the breaking of the defective spinal plate caused his disability. Appellant could not determine precisely who manufactured the spinal plate, so he sued, as the most likely defendants, Biomet, a/k/a Orthopedic Equipment Company, and Pfizer Hospital Products Group, Inc., a/k/a Howmedica. *Held:*

1. On motion for summary judgment, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed most favorably to the respondent, warrant judgment as a matter of law. A defendant may do this by showing that the documents and evidence do not create an issue of fact; he need not affirmatively disprove the respondent's case but may merely

show an absence of evidence to support it. If the movant discharges this burden, the respondent cannot rest on his pleadings but must point to specific evidence giving rise to a triable issue. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474); OCGA § 9-11-56 (c).

The spinal plate does not bear the markings of either defendant. It bears the marking of an English entity which was absorbed by appellee Biomet, but it appears on a catalog page as having been made by Pfizer. Thus, appellant attempts to trace the spinal plate to both defendants, and contends that clues connecting each defendant to the plate create an issue of fact as to which company made the plate. Appellant thus shows nothing more specific than evidence that *both* defendants might have produced the plate. Since each defendant produced specific evidence that it did not manufacture the spinal plate, appellant cannot rest on his allegations that either defendant may have produced the plate but must produce specific evidence creating an issue of fact that one of the defendants produced the spinal plate. *Lau's Corp.*, supra. If he cannot produce specific conclusive evidence that a particular defendant produced the plate, there is no evidence from which a jury could determine that a particular defendant manufactured the plate.

2. In any case, the statute of limitation has run on this claim. Pfizer produced evidence that since 1976, all spinal plates manufactured by it have been made of a different material than this spinal plate, and have been marked with a "V" shield as its trademark. Biomet produced evidence that, since 1977, it has inscribed its own manufacturer's markings on all plates produced. The operation room supervisor of South Georgia Medical Center testified that this plate had been in the hospital's inventory since 1972, or, appellant contends, for eight years, which was some unknown time in 1980. It cannot be proved the suit filed in 1990 was filed within ten years.

OCGA § 51-1-11 (b) (2) provides that no product liability action for injury shall be brought "after ten years from the date of the first sale for use or consumption of the personal property causing or otherwise bringing about the injury." This is a statute of repose. Its limitation on liability is based on reasonable expectations about the useful life of a manufactured product. *Hill v. Fordham*, 186 Ga. App. 354, 357 (367 SE2d 128). As a statute of repose, its limitation is placed on the "first sale" for use or consumption; it might sit on the shelf 20 years before being used or consumed by the person injured, in which case no manufacturer could stand behind its merchantability or fitness. OCGA § 51-1-11 (b) (2) does not provide that the "first sale for use or consumption" must be for the use or consumption of the person injured. If it had meant to refer only to use or consumption "by the person injured," it would have so provided; and it would not have used the words "first sale" if it meant the limitation to apply to the

use or consumption by the person injured. This spinal plate was *"first [sold] for* use or consumption" in 1972. (Emphasis supplied.) That it was, in fact, not used until 1988 does not change the limitation but reinforces it. The legislature did not intent to extend the limitations for an inordinate period of time, depending upon how long a merchant kept the product on its shelf, for this would create an absolute liability on the manufacturer. As to the statute generally, see *Hatcher v. Allied Products Corp.*, 256 Ga. 100 (344 SE2d 418).

The trial court did not err in granting summary judgments to the defendants.

*Judgments affirmed. Pope, C. J., and Andrews, J., concur.*

DECIDED SEPTEMBER 16, 1993 —
RECONSIDERATION DENIED OCTOBER 7, 1993 

*Sutton & Associates, Berrien L. Sutton*, for appellant.
*Love & Willingham, John A. Gilleland, Michael J. Hannan III, Sullivan, Hall, Booth & Smith, John E. Hall, Jr., T. Andrew Graham*, for appellees.