Fred G. BROWNING and Lou Nell
Browning, Petitioners,

v.

MAYTAG CORPORATION, Respondent.

No. 90–8526.

United States Court of Appeals,
Eleventh Circuit.

June 4, 1990.

Terry A. Dillard, Waycross, Ga., for petitioners.

J. Thomas Whelchel, Brunswick, Ga., for respondent.

Before TJOFLAT, Chief Judge, FAY and JOHNSON, Circuit Judges.

PER CURIAM:

CERTIFICATION FROM THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT TO THE SUPREME COURT OF GEORGIA PURSUANT TO GA. CODE ANN. § 15–2–9 (1985). TO THE SUPREME COURT OF GEORGIA AND ITS HONORABLE JUSTICES:

It appears to the United States Court of Appeals for the Eleventh Circuit that this case involves a question of Georgia law that is determinative of this cause of action but unanswered by controlling precedent of the Supreme Court of Georgia. We, therefore, certify the question for resolution by the highest court of Georgia.

Fred and Lou Nell Browning (the Brownings) purchased a clothes dryer from Maytag Corporation in 1976. On July 4, 1985, the dryer malfunctioned and allegedly caused a fire that resulted in injury to the Brownings. The Brownings commenced their products liability action against Maytag on June 2, 1988, under Ga.Code Ann. § 51–1–11(c) (Supp.1989).

Section 51–1–11(c), which became effective on July 1, 1987, requires that products liability actions sounding in negligence be brought within ten years of the first sale for use or consumption of the product that caused the injury. Because the Brownings did not bring their products liability action until approximately twelve years after they had purchased the dryer, Maytag moved the court for summary judgment based on the ten-year statute of repose.

The district court, however, denied the motion, holding that, because the Brownings' injury occurred prior to the July 1, 1987 effective date of section 51–1–11(c), the statute of repose did not apply to bar the cause of action. The court, however, recognized that its resolution of the issue could constitute a "substantial ground for ... difference of opinion." It therefore certified that an immediate appeal of its order denying Maytag's motion for summary judgment would be proper. We then granted Maytag's petition for discretionary appeal pursuant to 28 U.S.C. § 1292(b) (1982).

It is undisputed that the Brownings brought their cause of action twelve years after they purchased the dryer and that the Brownings purchased the dryer prior to the effective date of section 51–1–11(c). The Georgia Supreme Court has held that products liability actions based upon *strict liability*, see Ga.Code Ann. § 51–1–11(b)(2), are barred when commenced over ten years after first purchasing the product, even when the product was purchased prior to the effective date of the statute of repose. *See Hatcher v. Allied Products Corp.*, 256 Ga. 100, 344 S.E.2d 418 (1986). In *Hatcher*, however, the injury occurred *after* the statute was enacted, while in this case, the injury occurred before the statute was enacted. The Georgia Supreme Court has not resolved the question whether section 51–1–11(c) bars actions in which the injury occurred before the statute was enacted. Since resolution of this question would be determinative of the Browning's cause of action, we certify the following question to the Supreme Court of Georgia:

DOES GA. CODE ANN. § 51–1–11 (SUPP.1989) BAR A PRODUCTS LIABILITY ACTION BASED UPON A NEGLIGENCE THEORY (1) WHERE THE ACTION IS COMMENCED MORE THAN TEN YEARS AFTER THE DATE

OF THE FIRST SALE FOR USE OR CONSUMPTION OF THE PRODUCT AND AFTER THE JULY 1, 1987 EFFECTIVE DATE OF SECTION 51–1–11(c), BUT (2) WHERE THE INJURY OCCURRED PRIOR TO JULY 1, 1987?

We do not intend the particular phrasing of this question to limit the Supreme Court of Georgia in its consideration of the problems posed by the entire case. In order to assist consideration of the question, the entire record, along with the parties' briefs, shall be transmitted to the Supreme Court of Georgia.

IT IS SO ORDERED.