PER CURIAM:
 

 Fred and Lou Nell Browning (the Brown-ings) purchased a clothes dryer from the Maytag Corporation (Maytag) in 1976. The dryer allegedly caused a fire that injured the Brownings, by destroying their house and its contents, on July 4, 1985. The Brownings brought a products liability action sounding in negligence against Maytag on June 2, 1988.
 

 Ga.Code Ann. § 51-l-ll(c) (Supp.1990), which became effective on July 1, 1987, requires that litigants bring products liability actions sounding in negligence within ten years of the first sale for use or consumption of the product that caused their injuries. Maytag moved for summary judgment, arguing that section 51 — 1—11(c) barred the Brownings’ claim because they did not bring their action until approximately twelve years after they had purchased the dryer. The district court denied Maytag’s motion, reasoning that because the Brownings’ injury occurred before the effective date of the statute of repose, section 51 — 1—11(c) did not bar their claim. We granted Maytag’s motion for discretionary appeal pursuant to 28 U.S.C. § 1292(b) (1988).
 

 In our first opinion in this matter,
 
 Browning v. Maytag Corp.,
 
 902 F.2d 882, 882-83 (11th Cir.1990), we certified the following question to the Georgia Supreme Court:
 

 DOES GA. CODE ANN. § 51-1-11 (SUPP.1989) BAR A PRODUCTS LIABILITY ACTION BASED UPON A NEGLIGENCE THEORY (1) WHERE THE ACTION IS COMMENCED MORE THAN TEN YEARS AFTER THE DATE OF THE FIRST SALE FOR USE OR CONSUMPTION OF THE PRODUCT AND AFTER THE JULY 1, 1987 EFFECTIVE DATE OF SECTION 51-1-11(c), BUT (2) WHERE THE INJURY OCCURRED PRIOR TO JULY 1, 1987?
 

 The Georgia Supreme Court, in
 
 Browning v. Maytag Corp.,
 
 261 Ga. 20, 401 S.E.2d
 
 *1406
 
 725, 727 (1991), answered our question, holding that section 51-l-ll(c) “cannot be applied to bar products liability actions based on negligence where the cause of action accrued before the effective date of § 51-1-11(c), July 1, 1987.” The supreme court found that, because the Brownings’ cause of action accrued when their injury occurred, approximately two years before the effective date of section 51-1-11(c), section 51-1-11(c) does not bar their claim.
 

 Accordingly, we AFFIRM the district court's decision denying Maytag’s motion for summary judgment and REMAND the ease to the district court for further proceedings.