**Olga PEREZ, etc., et al. and David Edward Perez, et al., Plaintiffs–Appellants,**

v.

**LOCKHEED CORP. and General Electric Company, Defendants–Appellees.**

**No. 95–50091.**

United States Court of Appeals, Fifth Circuit.

July 5, 1996.

Ralph Oliver Anderson, Mark W. Hicks, Gary Allen Magnarini, Hicks, Anderson and Blum, Miami, FL, James Teague Crouse, Speiser, Krause and Madole, San Antonio, TX, for plaintiffs-appellants.

Robert L. Parks, William L. Petros, Anderson, Moss, Parks and Sherouse, Miami, FL, for Perez.

Charles F. Krause, Speiser, Krause & Madole, New Orleans, TX, for Wilson.

Ronald D. Krist, Krist, Gunn, Weller, Neumann & Morrison, Houston, TX, for Knutson.

James D. Guess, Groce, Locke & Hebdon, San Antonio, TX, Thomas Walter Gendry, Robert Mathy Lair, Ron A. Sprague, Neil Howard Stone, Gendry and Sprague, San Antonio, TX, for Lockheed Corp.

D'Anne Keller Haydel, Edward John O'Neill, Jr., Kelly J. Kirkland, Clements, O'Neill, Pierce & Nickens, Houston, TX, Paul K. Holloway, Porter and Hedges, Houston, TX, Jerry L. Mitchell, Kasowitz, Hoff, Benson and Torres, Houston, TX, Francis A. Anania, Miami, FL, for General Elec. Co.

Before POLITZ, Chief Judge, and GOODWIN [1] and DUHÉ, Circuit Judges.

PER CURIAM:

We clarify our panel opinion in this case by amending Section IV.B as follows:

B. *The Defendants Had No Duty to Warn*

In order to defeat the summary judgment, the plaintiffs must offer evidence tending to prove that the defendants knew about a danger created by the design of the wiring and that the failure to warn of that danger was the proximate cause of the injuries alleged. *See Talley v. City Tank Corp.,* 158 Ga.App. 130, 279 S.E.2d 264 (1981). However, there is no duty to warn a purchaser of a physical fact that is open and obvious, or of any potential risk which is equally known and appreciated by both the manufacturer and the purchaser. *Herschel McDaniel Funeral Home, Inc. v. Hines,* 124 Ga. App. 47, 183 S.E.2d 7, 9 (1971); *YMCA v. Bailey,* 112 Ga.App. 684, 146 S.E.2d 324 (1965); *Gibson v. Consolidated Credit Corp.,* 110 Ga.App. 170, 138 S.E.2d 77 (1964). The duty to warn extends to the ultimate user of a product. *See, e.g., White v. W.G.M. Safety Corp.,* 707 F.Supp. 544, 547 (S.D.Ga.1988), aff'd 891 F.2d 906 (11th Cir.1989).

We need not determine whether, under Georgia law, the Air Force or the pilots are the ultimate users of the C–5A. As discussed, with respect to the government contractor immunity defense, the Air Force was so involved in the C–5A project it knew about the danger—if any—inherent in the circuit design. Therefore, the defendants did not have a duty to warn the Air Force. In addition, the defendants had no duty to give a warning to the pilots because the Air Force was a learned intermediary. *See, e.g., Stuckey v. Northern Propane Gas Co.,* 874 F.2d 1563, 1568–69 (11th Cir.1989) (manufacturer's duty to warn ultimate consumer is discharged where an intermediary party has knowledge of the danger). We affirm the summary judgment against the plaintiffs on this claim.

With this amendment, IT IS ORDERED that the petition for rehearing is DENIED. No active judge of the court or member of the panel has requested an en banc poll, the suggestion for rehearing en banc is also DENIED.