**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 15-1918

DEBORAH H. RIPLEY, individually and as Administrator of the
Estate of Bernard W. Ripley, deceased,

        Plaintiff - Appellee,

    and

BERNARD W. RIPLEY,

        Plaintiff,

    v.

FOSTER WHEELER LLC; FOSTER WHEELER ENERGY CORPORATION,

        Defendants – Appellants,

    and

J. HENRY HOLLAND CORPORATION; WACO, INCORPORATED;
METROPOLITAN LIFE INSURANCE COMPANY; UNION CARBIDE
CORPORATION; SB DECKING, INC., a/k/a Selby Battersby; AURORA
PUMP, CO; IMO INDUSTRIES, INCORPORATED, as successor in
interest to Delaval Pumps; GOULDS PUMPS, INCORPORATED;
INGERSOLL-RAND COMPANY; WARREN PUMPS, INCORPORATED; CRANE
COMPANY; GRINNELL CORPORATION; THE J.R. CLARKSON COMPANY,
individually and as successor by mergers to Kunkle
Industries, Inc.; MILWAUKEE VALVE COMPANY; FLOWSERVE US,
INC., individually and as successor in interest to Rockwell
Edward Valves and Vogt Valves; SPIRAX SARCO, INC.; ARMSTRONG
INTERNATIONAL, INC., individually and as a successor to
Armstrong Machine Works,

        Defendants.

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News. Arenda L. Wright Allen, District Judge. (4:14-cv-00070-AWA-LRL)

_____

Argued: September 22, 2016          Decided: November 1, 2016

_____

Before TRAXLER, DIAZ, and THACKER, Circuit Judges.

_____

Reversed and remanded by published opinion. Judge Thacker wrote the opinion, in which Judge Traxler and Judge Diaz joined.

_____

**ARGUED:** Erik David Nadolink, WHEELER TRIGG O'DONNELL, LLP, Denver, Colorado, for Appellants. William Harty, PATTEN, WORNOM, HATTEN & DIAMONSTEIN, L.C., Newport News, Virginia, for Appellee. **ON BRIEF:** Anthony B. Taddeo, Jr., David M. Sturm, Matthew D. Joss, TADDEOSTURM PLC, Richmond, Virginia, for Appellants. Robert R. Hatten, Hugh B. McCormick, III, PATTEN, WORNOM, HATTEN & DIAMONSTEIN, L.C., Newport News, Virginia, for Appellee.

_____

THACKER, Circuit Judge:

Facing claims in Virginia state court for failing to warn of asbestos hazards in products manufactured for the Navy, Foster Wheeler LLC and Foster Wheeler Energy Corporation ("Appellants") removed the case pursuant to the federal officer removal statute to the United States District Court for the Eastern District of Virginia. The district court remanded to state court, citing longstanding precedent in the district that denies the government contractor defense in failure to warn cases. Appellants timely appealed. For the reasons below, we reverse.

I.

From 1969 to 1972 and from 1974 to the late 1970s, Bernard W. Ripley worked as a boilermaker at Norfolk Naval Shipyard in Portsmouth, Virginia. He was diagnosed with malignant mesothelioma on February 24, 2014. On May 13, 2014, he and his wife, Deborah Ripley ("Appellee"), filed suit in the Newport News Circuit Court in Virginia, naming Appellants and others as defendants. The complaint alleges Mr. Ripley was exposed to asbestos contained in products Appellants

manufactured for the Navy, and that Appellants are liable for failure to warn of asbestos hazards.[1]

On June 16, 2014, Appellants filed a Notice of Removal in the United States District Court for the Eastern District of Virginia. Appellants asserted a government contractor defense, arguing that the suit stemmed from Appellants' contract with the Navy to construct boilers and related equipment, and that removal is thus proper pursuant to the federal officer removal statute, 28 U.S.C. § 1442(a)(1).

On August 6, 2015, the district court granted Appellee's motion to remand, following a decades-old practice in the district that denies the government contractor defense in failure to warn cases. Because the defense did not apply, the court reasoned, Appellants could not establish the colorable federal defense necessary to support federal officer removal, thereby precluding federal subject matter jurisdiction.

On August 8, 2015, Appellant filed a Notice of Appeal, urging this court to overturn the district court's remand order.[2]

---

[1] Mr. Ripley died on November 14, 2014; the court substituted Appellee as administratrix of Mr. Ripley's estate on March 18, 2015.

[2] Of note, this issue only recently became appealable. In 2011, Congress amended 28 U.S.C. § 1447(d) to allow appeals from remand orders pursuant to § 1442. See Removal Clarification Act of 2011, Pub. L. No. 112-51, 125 Stat. 545, 546 (2011).

4

## II.

We review de novo issues of subject matter jurisdiction, including removal.  See Dixon v. Coburg Dairy, Inc., 369 F.3d 811, 815–16 (4th Cir. 2004) (en banc) (quoting Mayes v. Rapoport, 198 F.3d 457, 460 (4th Cir. 1999)).  Denial of the government contractor defense in failure to warn cases is also an issue of law we review de novo.  See Warfaa v. Ali, 811 F.3d 653, 658 (4th Cir. 2016).

## III.

The federal officer removal statute allows a defendant to remove a case from state to federal court if the defendant establishes (1) it is a federal officer or a "person acting under that officer," 28 U.S.C. § 1442(a)(1); (2) a "colorable federal defense"; and (3) the suit is "for a[n] act under color of office," which requires a causal nexus "between the charged conduct and asserted official authority," Jefferson Cty., Ala. v. Acker, 527 U.S. 423, 431 (1999) (alteration and emphasis in original) (citation and internal quotation marks omitted).  Section 1442 is thus an exception to the well-pleaded complaint rule, which, absent diversity, prohibits removal unless a federal question appears on the face of the plaintiff's complaint.  See Jamison v. Wiley, 14 F.3d 222, 239 (4th Cir. 1994) (citing Mesa v. California, 489 U.S. 121, 136–37 (1989)).

The Supreme Court has recognized that "[o]ne of the primary purposes" of federal officer removal is to provide a federal forum for a federal defense. Willingham v. Morgan, 395 U.S. 402, 407 (1969). Proof of a "colorable" federal defense thus does not require the defendant to "win his case before he can have it removed" nor even establish that the defense is "clearly sustainable." Id.

Here, Appellants sought removal pursuant to § 1442 by asserting the government contractor defense as elucidated in Boyle v. United Technologies Corp., 487 U.S. 500 (1988). In Boyle, the Supreme Court announced that design defects in military equipment do not give rise to state-law tort claims if, "(1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States." 487 U.S. at 512. The defense only applies if a contractor's obligations to the government conflict with state law such that the contractor may not comply with both. See id. at 507–09.

The rationales behind the defense are twofold. First, given the complexities of military decision making and the constitutional delegation of the war powers to the legislative and executive branches, separation of powers suggests the

6

judiciary should hesitate to intervene in matters of military procurement contracts. See Tozer v. LTV Corp., 792 F.2d 403, 405–07 (4th Cir. 1986). Second, as a practical matter, a higher risk of liability for government contractors would increase costs to the government while decreasing the supply of contractors and research and development in military equipment. Id. at 407–08.

We must therefore decide whether the Supreme Court's pronouncement in Boyle, holding the government contractor defense applicable in design defect cases, likewise shields defendants against failure to warn claims and thus provides a basis for federal jurisdiction pursuant to § 1442.

In this case, given "the thousands of asbestos cases that have preceded" it in the Eastern District of Virginia, the district court "determined that the government contractor defense is not available in failure to warn cases." McCormick v. C.E. Thurston & Sons, Inc., 977 F. Supp. 400, 403 (E.D. Va. 1997) (internal quotation marks omitted).

However, the Eastern District of Virginia is clearly an outlier in this regard. No other jurisdiction in the country to have considered the issue is in accord with the Eastern District of Virginia. Indeed, the Second, Fifth, Sixth, Seventh, Ninth, and Eleventh Circuits have all applied the defense to failure to warn cases. See e.g., In re Joint E. & S.

7

Dist. N.Y. Asbestos Litig., 897 F.2d 626, 629–30 (2d Cir. 1990); Perez v. Lockheed Corp. (In re Air Disaster at Ramstein Air Base, Germany, on 8/29/90), 81 F.3d 570, 576 (5th Cir.), modified on other grounds, 88 F.3d 340 (5th Cir. 1996) (per curium); Tate v. Boeing Helicopters (Tate II), 140 F.3d 654, 656 (6th Cir. 1998); Oliver v. Oshkosh Truck Corp., 96 F.3d 992, 1003–04 (7th Cir. 1996); Snell v. Bell Helicopter Textron, Inc., 107 F.3d 744, 749–50 (9th Cir. 1997); Dorse v. Eagle-Picher Indus., Inc., 898 F.2d 1487, 1489 (11th Cir. 1990). And although we have not yet had the opportunity to consider this issue directly, we have recognized that these decisions of our sister circuits are "reasoned soundly." Emory v. McDonnell Douglas Corp., 148 F.3d 347, 350 (4th Cir. 1998) (collecting cases). Moreover, the multidistrict litigation court for asbestos products -- tasked with handling thousands of such claims -- has also applied the defense and allowed removal on this basis in failure to warn cases. See e.g., Hagen v. Benjamin Foster Co., 739 F. Supp. 2d 770, 777–86 (E.D. Pa. 2010).

In addition to the multitude of authorities adopting this approach, the rationales identified in Boyle remain applicable in failure to warn cases. Just as decisions on military equipment design involve complex cost-benefit analyses in which lay juries and judges are not versed, military

8

procurement contracts and specifications involve manifold warning and labeling requirements inapplicable to nonmilitary equipment. Cf. Tozer, 792 F.2d at 405–07 (applying government contractor defense in design defect case). Moreover, the constitutional separation of the judiciary from military matters carries no less force with respect to the design of military equipment than it does with respect to the warnings accompanying such equipment. Further, whether the risk of liability flows from design defect or failure to warn, the effect remains the same: government contractors willing to take such a risk will pass the increased cost to the government and will invest less in research and development. Cf. id. at 407–08.

Given the weight of opposing precedent and the rationales supporting the defense, we now join the chorus and hold that the government contractor defense is available in failure to warn cases. Having established this, we leave it to the district court to decide whether Appellants have presented sufficient proof to warrant removal pursuant to § 1442.

IV.

For the foregoing reasons, we reverse and remand for further proceedings.

REVERSED AND REMANDED