**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-1752**

CHARLES B. BRINKMAN; LOUISE K. BRINKMAN,

        Plaintiffs – Appellees,

    v.

GENERAL DYNAMICS CORPORATION; ELECTRIC BOAT CORPORATION,

        Defendants – Appellants,

    and

JOHN CRANE INCORPORATED; J. HENRY HOLLAND CORPORATION; METROPOLITAN LIFE INSURANCE COMPANY; WACO, INCORPORATED; UNION CARBIDE CORPORATION; NOLAND COMPANY; CLEAVER-BROOKS COMPANY, a division of Aqua-Chem, Inc.; AURORA PUMP, CO; AIR & LIQUID SYSTEMS CORPORATION, successor by merger to Buffalo Pumps, Inc.; IMO INDUSTRIES, INCORPORATED; GOULDS PUMPS, INCORPORATED; INGERSOLL-RAND COMPANY; NASH ENGINEERING COMPANY; WARREN PUMPS, INCORPORATED; CRANE COMPANY; GRINNELL CORPORATION; J.R. CLARKSON COMPANY, individually and as successor by mergers to Kunkle Industries, Inc.; VELAN VALVE CORP.; TRANE U.S. INC., formerly known as American Standard, Inc.,

        Defendants.

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News. Arenda L. Wright Allen, District Judge. (4:14-cv-00142-AWA-LRL)

Submitted: November 3, 2016      Decided: December 21, 2016

Before TRAXLER, KEENAN, and WYNN, Circuit Judges.

---

Vacated and remanded by unpublished per curiam opinion.

---

Melissa A. Murphy-Petros, WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP, Chicago, Illinois, for Appellants. William W.C. Harty, Robert R. Hatten, Hugh B. McCormick, III, PATTEN, WORNOM, HATTEN & DIAMONSTEIN, L.C., Newport News, Virginia, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Plaintiffs Charles Brinkman ("Brinkman") and Louise Brinkman filed suit in Circuit Court for the City of Newport News, Virginia, asserting state law claims against several defendants. The suit alleged that Brinkman developed mesothelioma as a result of exposure to asbestos in 1966 and 1967 while serving in the United States Navy on a nuclear submarine. It is undisputed that defendants General Dynamics Corporation and Electric Boat Corporation ("Appellants") constructed the submarine pursuant to a contract with the Navy.

General Dynamics timely filed a notice of removal in the United States District Court for the Eastern District of Virginia pursuant to the federal officer removal statute, 28 U.S.C. § 1442(a)(1). General Dynamics asserted that multiple colorable federal defenses supported its removal, including government contractor immunity under Boyle v. United Technologies Corp., 487 U.S. 500 (1988). Electric Boat joined the notice of removal.

The district court subsequently granted a motion to remand filed by the Brinkmans, concluding that Appellants had failed to allege facts asserting a "colorable federal defense" to the state law claims asserted against them. Regarding the government contractor defense, the district court followed "a decades-old practice in the [Eastern District of Virginia] that

3

denies the government contractor defense in failure to warn cases." Ripley v. Foster Wheeler LLC, ___ F.3d ___, 2016 WL 6441049, at *1 (Nov. 1, 2016). However, after the district court issued its decision, we decided for the first time "that the government contractor defense is available in failure to warn cases." Id. at *3 (emphasis added). In light of this recent holding, we vacate the district court's order and remand for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

VACATED AND REMANDED